NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

JOHNNY L. MENDIVIL, *Appellant*.

No. 1 CA-CR 17-0272
FILED 2-27-2018

Appeal from the Superior Court in Maricopa County
No.  CR2016-115393-002
The Honorable Joseph P. Mikitish, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Kevin D. Heade
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Diane M. Johnsen delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Maria Elena Cruz joined.

J O H N S E N, Judge:

**¶1**　　　　Johnny L. Mendivil timely filed this appeal in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), following his convictions of criminal trespass and possession of drug paraphernalia, each a Class 6 felony, and possession of a dangerous drug, a Class 4 felony. Mendivil's counsel has searched the record and found no arguable question of law that is not frivolous. *See Smith v. Robbins*, 528 U.S. 259 (2000); *Anders*, 386 U.S. at 744; *State v. Clark*, 196 Ariz. 530 (App. 1999). Mendivil was given the opportunity to file a supplemental brief but did not do so. Counsel now asks this court to search the record for fundamental error. After reviewing the entire record, we affirm Mendivil's convictions and sentences.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**　　　　Phoenix police responded to a call concerning a possible trespass of a vacant downtown home.[1] A barbed-wire fence surrounded the property, but it had a hole in it near a "no trespassing" sign. Officers entered through the hole in the fence and heard voices coming from a side house on the property. When one of the officers looked inside, he saw Mendivil and a woman sitting on a mattress with a pipe between them. The officer ordered both out of the house. Once outside, Mendivil admitted he had been smoking methamphetamine, and the officers arrested him, then searched him and found several bags of methamphetamine. After a three-day trial, the jury convicted Mendivil of first-degree criminal trespassing, possession of dangerous drugs and possession of drug paraphernalia. The jury found no aggravators present, and the State was unable to prove Mendivil had any prior convictions. Although the superior court nevertheless stated it "consider[ed] [Mendivil's] prior convictions" in sentencing, it did not impose any sentence longer than the presumptive in

---

[1]　　　Upon review, we view the facts in the light most favorable to sustaining the jury's verdicts and resolve all inferences against Mendivil. *State v. Payne*, 233 Ariz. 484, 509, ¶ 93 (2013).

imposing three concurrent terms of incarceration, the longest of which was 2.5 years, with 78 days' presentence credit.

¶3        Mendivil timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) (2018), 13-4031 (2018) and -4033 (2018).[2]

## DISCUSSION

¶4        The record reflects Mendivil received a fair trial. He was represented by counsel at all stages of the proceedings against him and was present at all critical stages. The court held appropriate pretrial hearings.

¶5        The court held a suppression hearing in which it considered Mendivil's argument that police searched him before they had probable cause to arrest him for trespass. The court did not abuse its discretion in concluding that Mendivil had no reasonable expectation of privacy on the property, that the police had reasonable suspicion to investigate the reported trespass and that the investigation yielded evidence sufficient to give them probable cause to arrest Mendivil. *See Katz v. United States*, 389 U.S. 347, 361 (1967) (Harlan, J., concurring). The drug evidence therefore was obtained from a search incident to a valid arrest and admissible under that exception to the warrant requirement. *See State v. Baker*, 26 Ariz. App. 255, 258 (1976).

¶6        The court did not conduct a voluntariness hearing; however, the record did not suggest a question about the voluntariness of Mendivil's statements to police. *See State v. Smith*, 114 Ariz. 415, 419 (1977); *State v. Finn*, 111 Ariz. 271, 275 (1974).

¶7        The State presented both direct and circumstantial evidence sufficient to allow the jury to convict. The jury was properly comprised of eight members. The court properly instructed the jury on the elements of the charges, the State's burden of proof and the necessity of a unanimous verdict. The jury returned a unanimous verdict, which it affirmed in open court. The court received and considered a presentence report, addressed its contents during the sentencing hearing and imposed legal sentences for the crimes of which Mendivil was convicted.

---

[2]     Absent material revision after the date of an alleged offense, we cite a statute's current version.

## CONCLUSION

**¶8**　　　　We have reviewed the entire record for reversible error and find none, and therefore affirm the convictions and resulting sentences. *See Leon*, 104 Ariz. at 300.

**¶9**　　　　Defense counsel's obligations pertaining to Mendivil's representation in this appeal have ended. Counsel need do no more than inform Mendivil of the outcome of this appeal and his future options, unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). On the court's own motion, Mendivil has 30 days from the date of this decision to proceed, if he wishes, with a *pro per* motion for reconsideration. Mendivil has 30 days from the date of this decision to proceed, if he wishes, with a *pro per* petition for review.



AMY M. WOOD • Clerk of the Court
FILED:　AA